1  Casondra K. Ruga (State Bar No. 237597)
2  **ALSTON & BIRD LLP**
   333 S. Hope Street, 16th Floor
3  Los Angeles, CA 90071
   Telephone: 213-576-1133
4  Facsimile: 213-576-1100
   Email: casondra.ruga@alson.com
5
6  Attorneys for Applicant
7
8
9              **UNITED STATES DISTRICT COURT**
              **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  *In re Ex Parte* Application of Nokia        Case No.:    **17 MC 125**
    Technologies Oy,
12                                                **EX PARTE APPLICATION FOR AN**
              Applicant,                          **ORDER PURSUANT TO 28 U.S.C. §**
13                                                **1782 GRANTING LEAVE TO**
    For an Order Pursuant to 28 U.S.C. § 1782     **OBTAIN DISCOVERY FOR USE IN**
14  Granting Leave to Obtain Discovery From       **FOREIGN PROCEEDINGS AND**
    Qualcomm Incorporated for use in Foreign      **SUPPORTING MEMORANDUM**
15  Proceedings.
                                                  [Declaration of Casondra K. Ruga; and
16                                                (Proposed) Order filed concurrently
                                                  herewith]
17

18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

I.    INTRODUCTION .................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................ 2

III.  ARGUMENT ........................................................................................ 3

      A.    Legal Standard ........................................................................... 3

      B.    Nokia Has Met the Statutory Requirements Of Section 1782 ................... 5

      C.    The Supreme Court's *Intel* Factors Strongly Favor Granting Nokia's
            Application. ................................................................................ 6

            1.    Qualcomm Is Not a Party to the UK Proceeding. ................. 6

            2.    Nokia Seeks Highly Relevant Information That Will Assist
                  the UK Court. .................................................................. 7

            3.    No Foreign Discovery Restrictions Bar Nokia's Requested
                  Discovery. ....................................................................... 7

            4.    Nokia's Discovery Is Narrowly Tailored to Avoid Undue
                  Burden. ........................................................................... 8

      D.    Granting Nokia's Section 1782 Request Would Promote Efficient
            Discovery. ................................................................................. 8

IV.   CONCLUSION ..................................................................................... 9

i

LEGAL02/34625265v2

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
**Cases**

4
*Application of Sarrio S.A. for Assistance Before Foreign Tribunals,*
5
   173 F.R.D. 190, 192 (S.D. Tex. 1995) ....................................................9

6
*In re Ex Parte Application of Nokia Corporation,*
7
   13-cv-02970-BEN-WMC, slip op. (S.D. Cal. Jan. 21, 2014)....................................2

8
*In re Ex Parte Application of Nokia Corporation,*
9
   13-CV-1152-WQH-(BLM), slip op. (S.D. Cal. June 24, 2013) ...............................5

10
*In re Ex Parte Application of Nokia Corporation,*
11
   13-CV-1152-WQH-(BLM), slip op. (S.D. Cal. June 24, 2013) ...............................6

12
*In re Ex Parte Application of Nokia Corporation,*
   13-CV-1152-WQH-(BLM), slip op. (S.D. Cal. June 24, 2013) and 13-
13
   cv-02970-BEN-WMC, slip op. (S.D. Cal. Jan. 21, 2014) ..........................9

14
*In re Ex Parte Application of Nokia GmbH and Nokia Corporation,*
15
   12-cv-2653-BEN-WMC, slip op. (S.D. Cal. Nov. 19, 2012) ...................................2

16
*In re Application of Procter & Gamble Co.,*
17
   334 F. Supp. 2d 1112 (E.D. Wis. 2004)....................................................8

18
*In re Bayer AG,*
   146 F.3d 188 (3d Cir. 1998)....................................................7, 8
19

20
*In re Chevron,*
   709 F. Supp. 2d 283 (S.D.N.Y. 2010)....................................................4
21

22
*Chevron Corp. v. E-Tech Int'l,*
   2010 WL 3584520 (S.D. Cal. Sept. 10, 2010)....................................................9

23

24
*Cryolife, Inc. v. Tenaxis, Inc.,*
   2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ...................................................6

25
*In re Esses,*
26
   101 F.3d 873 (2d Cir. 1996)....................................................7

27
*Euromepa S.A. v. R. Esmerian, Inc.,*
   51 F.3d 1095 (2d Cir. 1995)....................................................7
28

ii

LEGAL02/34625265v2

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

*Four Pillars Enters. Co. v. Avery Dennison Corp.*,
    308 F.3d 1075 (9th Cir. 2002)......................................................................4

*Govan Brown & Assocs. v. Doe*,
    2010 WL 3076295 (N.D. Cal. Aug. 6, 2010) ...........................................9

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
    633 F.3d 591 (7th Cir. 2011)...................................................................5, 7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ......................................................................... *passim*

*In re Letter of Request from Crown Prosecution Serv. of United
    Kingdom*,
    870 F.2d 686 (D.C. Cir. 1989) ...................................................................5

*London v. Does*,
    279 F. App'x 513 (9th Cir. 2008) .........................................................7, 9

*Marubeni Am. Corp. v. LBA Y.K*,
    335 Fed. App'x. 95 (2d Cir. 2009)..............................................................9

*In re Republic of Ecuador*,
    2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) .......................................4, 9

*In re Republic of Ecuador*,
    2010 WL 4027740 (E.D. Cal. Oct. 14, 2010) ...........................................5

*In re Roebers*,
    2012 WL 2862122 (N.D. Cal. July 11, 2012)............................................4

*United Co. Rusal, PLC v. Trafigura A.G.*,
    2011 WL 1045532 (D. Conn. Mar. 16, 2011) ...........................................9

**Statutes**

28 U.S.C. § 1782 ....................................................................................... *passim*

28 U.S.C. §1782(a) .................................................................................... *passim*

LEGAL02/34625265v2

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

1    Nokia Technologies Oy ("Nokia"), applies to the Court *ex parte* for an order
2  pursuant to 28 U.S.C. § 1782 ("Section 1782") granting Nokia leave to serve a subpoena
3  to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in
4  patent litigation in the United Kingdom.   This Application is supported by the
5  memorandum of points and authorities below and the Declaration of Casondra K. Ruga
6  ("Ruga Decl.") filed concurrently herewith.   Though not required for this *ex parte*
7  application, Nokia has provided courtesy notice of its application both to Qualcomm
8  Inc. and Apple Inc.  (Ruga Decl., ¶ 10).   The proposed subpoena is attached to this
9  Application as Exhibit A.

10   **I.   INTRODUCTION**

11    Nokia's Application relates to patent litigation in the United Kingdom between
12  Nokia and Apple Inc., Apple Distribution International, and Apple Retail UK Limited
13  ("Apple") regarding infringement of a European patent.  Because infringement relates
14  at least in part to functionalities present in Qualcomm chips incorporated in Apple's
15  products, Nokia submits this Application to obtain discovery of the relevant Qualcomm
16  chips.    Specifically, Nokia seeks documents and schematics relating to potential
17  infringement through use of certain Qualcomm chips.  This Application is filed pursuant
18  to Section 1782, which permits interested parties to obtain discovery from companies
19  located within the United States for use in foreign litigation.  Section 1782 discovery is
20  appropriate where three statutory requirements are satisfied and discretionary factors do
21  not weigh against permitting the discovery.

22    Here, Nokia's Application satisfies Section 1782's three statutory requirements.
23  First, the application is filed in "the district in which [the] person resides" because
24  Qualcomm's headquarters are in San Diego, California.  28 U.S.C. §1782(a).  Second,
25  Nokia seeks the discovery "for use in a proceeding in a foreign ... tribunal," specifically
26  in the High Court of Justice in England, United Kingdom.  Third, as a party to the UK
27  action, Nokia is an "interested person" in a foreign proceeding.  *See id.*; *see also Intel
28  Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (noting that litigants

1    are common example of "interested persons").

2    Moreover, all of the factors identified by the Supreme Court to guide a court's

3 discretion in analyzing Section 1782 applications favor granting Nokia's Application.

4 Specifically, Qualcomm is not a participant in the foreign proceedings, and Section

5 1782 provides an effective mechanism for obtaining targeted discovery from it.  In

6 addition, the foreign jurisdiction at issue—England, United Kingdom—is receptive to

7 the type of discovery sought by Nokia, the proposed discovery seeks information highly

8 relevant to the foreign proceeding, and the Application is not made to circumvent any

9 limitation on discovery imposed by the foreign courts.  Finally, the proposed discovery

10 requests are narrowly tailored and are not unduly intrusive or burdensome to

11 Qualcomm.  To the extent the documents requested contain confidential business

12 information, Nokia will agree to protect the information from disclosure, as may be

13 appropriate.  Accordingly, Nokia respectfully requests that the Court enter an order

14 permitting Nokia to serve the subpoena, attached as Exhibit A to this Application,

15 pursuant to Section 1782.

16    Notably, this Court has previously granted Nokia leave to seek discovery from

17 Qualcomm for use in similar foreign litigations pursuant to Section 1782.  *See, e.g.*, *In*

18 *re Ex Parte Application of Nokia Corporation*, 13-cv-02970-BEN-WMC, slip op. (S.D.

19 Cal. Jan. 21, 2014); 13-cv-1152-WQH-(BLM), slip op. (S.D. Cal. June 24, 2013); *In re*

20 *Ex Parte Application of Nokia GmbH and Nokia Corporation*, 12-cv-2653-BEN-WMC,

21 slip op. (S.D. Cal. Nov. 19, 2012).  The Court should issue the same result here and

22 grant Nokia leave to seek its proposed discovery.

23 **II.    FACTUAL BACKGROUND**

24    By this application, Nokia seeks a limited scope of technical documents from

25 Qualcomm relevant to one patent asserted against Apple in the High Court of Justice in

26 England, United Kingdom. (Ruga Decl., ¶ 2).  The asserted patent is European Patent 1

27 298 789 (the "789 EP"), titled "Dual mode voltage controlled oscillator having

28 controllable bias modes and power consumption."  (*Id.*).  The 789 EP relates to an

2

oscillator circuit for use in a voltage controlled oscillator. (*Id.*). Nokia's infringement allegations in the UK actions currently target Apple products using Qualcomm chips, including but not limited to the Apple iPhone 6s and 6s Plus models and the iPad Pro 9.7-inch Wi-Fi + cellular (collectively "Apple Devices"). (*Id.*, ¶ 3). The functionalities accused of infringing the 789 EP include the functionality implemented by wireless communications chips—including baseband, transceiver, and power management chips—manufactured by Qualcomm and contained within Apple's mobile devices. (*Id.*). Therefore, Qualcomm's schematics and technical documents relating to these chips are highly relevant to Nokia's UK action for infringement of the 789 EP. As of the filing of this application, Apple had not produced the technical documents requested in this application, and, upon information and belief, such documents may not be obtainable in the UK proceedings. (*Id.*, ¶ 7).

Qualcomm is not a party to the UK action for which Nokia seeks discovery (*Id.*, ¶ 5). Qualcomm's principal place of business is within the Southern District of California. (*Id.*, ¶ 6).

## III.    ARGUMENT

Nokia's Application satisfies the Section 1782 statutory requirements, and the discretionary factors weigh in favor of granting the proposed discovery for at least the reasons described below. The Court should grant this Application.

### A.    Legal Standard

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The

3

1
2

> order may be made ... upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

3    28 U.S.C. § 1782 (a).

4    The statute may be invoked where: "'(1) the person from whom discovery is

5    sought resides or is found in the district of the district court to which the application is

6    made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the

7    application is made by a foreign or international tribunal or 'any interested person." *In*

8    *re Republic of Ecuador*, 2010 WL 3702427, at *4 (N.D. Cal. Sept. 15, 2010) (quoting

9    *In re Chevron*, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)); *see also In re Roebers*, 2012

10   WL 2862122, *1 (N.D. Cal. July 11, 2012).

11   In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district

12   courts in determining how to exercise their discretion in granting Section 1782

13   applications.  These factors include: (1) whether "the person from whom discovery is

14   sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal,

15   the character of the proceedings underway abroad, and the receptivity of the foreign

16   government or the court or agency abroad to U.S. federal-court judicial assistance"; (3)

17   whether the request is "an attempt to circumvent foreign proof-gathering restrictions or

18   other policies of a foreign country or the United States"; and whether the discovery is

19   "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 264-65; *see also Four Pillars*

20   *Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).

21   Nokia's Application is an appropriate vehicle for seeking discovery from

22   Qualcomm pursuant to Section 1782.  *See, e.g., In re Roebers*, 2012 WL 2862122 at *2

23   (stating "[a]n *ex parte* application is an acceptable method for seeking discovery

24   pursuant to §1782."); *see also In re Republic of Ecuador*, 2010 WL 3702427 at *3 ("[I]t

25   is common for the process of presenting the request to a court and to obtain the order

26   authorizing discovery to be conducted ex parte. Such *ex parte* applications are typically

27   justified by the fact that the parties will be given adequate notice of any discovery taken

28   pursuant to the request and will then have the opportunity to move to quash the

4

1    discovery or to participate in it.") (internal quotations and citations omitted); *In re*

2    *Republic of Ecuador*, 2010 WL 4027740 at \*2 (E.D. Cal. Oct. 14, 2010) (stating that an

3    "*ex parte* application is an acceptable method for seeking discovery" pursuant to

4    §1782). Indeed, this Court previously granted Nokia's *ex parte* Section 1782

5    applications that sought similar discovery from Qualcomm for use in foreign patent

6    litigation with HTC. *See In re Ex Parte Application of Nokia Corporation*, 13-CV-1152-

7    WQH-(BLM), slip op. (S.D. Cal. June 24, 2013) (Ruga Decl., Ex. 2; 13-cv-02970-BEN-

8    WMC, slip op. (S.D. Cal. Jan. 21, 2014) (Ruga Decl., Ex. 3).

9      **B.**   **Nokia Has Met the Statutory Requirements Of Section 1782**

10      Nokia's Application meets each of Section 1782's statutory requirements. First,

11    the person from whom discovery is sought, Qualcomm, "resides or is found" in this

12    District because its principal place of business is located within this district at 5775

13    Morehouse Drive, San Diego, California. 28 U.S.C. § 1782 (a); (Ruga Decl., ¶ 6

14    (excerpt of Qualcomm 2015 10K, at pp. 1-2)).

15      Second, Nokia seeks discovery of technical documents relating to Qualcomm

16    chips to support its infringement claims in the UK proceeding (Ruga Decl., ¶¶ 2-3),

17    satisfying the "foreign tribunal" statutory requirement. *See* 28 U.S.C. §1782(a) (the

18    discovery sought must be used for a "proceeding before a foreign tribunal"). Multiple

19    U.S. courts have confirmed that courts in the UK qualify as tribunals for the purposes

20    of Section 1782. *See, e.g., In re Letter of Request from Crown Prosecution Serv. of*

21    *United Kingdom*, 870 F.2d 686, 691 (D.C. Cir. 1989) ("[N]o question that British courts

22    qualify as 'tribunals.'").

23      Third, Nokia is an interested party because it is a named party in the foreign

24    proceedings. 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are

25    included among ... the 'interested person[s]' who may invoke § 1782"); see *also*

26    *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011). Accordingly,

27    Nokia has satisfied the statutory requirements for an application under 28 U.S.C. §

28

1782.

Finally, as noted above, this Court previously found that Nokia satisfied the three statutory requirements of Section 1782 in similar applications that sought discovery for use in patent litigation in the UK. *See In re Ex Parte Application of Nokia Corporation*, 13-CV-1152-WQH-(BLM), slip op. (S.D. Cal. June 24, 2013); 13-cv-02970-BEN-WMC, slip op. (S.D. Cal. Jan. 21, 2014) (Ruga Decl., Exs. 2-3).

## C. The Supreme Court's *Intel* Factors Strongly Favor Granting Nokia's Application.

The Court should further grant Nokia's Application because the *Intel* factors identified by the Supreme Court weigh heavily in favor of permitting the proposed discovery.

### 1. Qualcomm Is Not a Party to the UK Proceeding.

Nokia's Application satisfies the first *Intel* factor—whether "the person from whom discovery is sought is a participant in the foreign proceeding"—because Qualcomm is not a party to the foreign patent litigation between Nokia and Apple (Ruga Decl., ¶ 5). *See Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). Here, the evidence Nokia seeks through its Application—technical information in Qualcomm's possession that is expected to strengthen Nokia's patent infringement claims—may not be within the foreign tribunal's jurisdictional reach, but unquestionably will be useful in resolving issues in the foreign litigation. *See Cryolife, Inc. v. Tenaxis, Inc.*, 2009 WL 88348, at *5 (N.D. Cal. Jan. 13, 2009) (holding that "petitioner need only show that the information" sought under Section 1782 "will be useful"). Because the sought discovery may not be available in the UK proceeding, the first factor weighs in favor of granting Nokia's Application.

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

### 2.    Nokia Seeks Highly Relevant Information That Will Assist the UK Court.

The second *Intel* factor "take[s] into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  Because the nature and character of the UK proceeding involves Nokia's allegations of patent infringement, discovery regarding certain technical documents and schematics of the Qualcomm products incorporated into the Apple Devices at issue is highly relevant.  *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under Section 1782).

Nokia accuses functionalities of Qualcomm's chips, which are incorporated into the Apple Devices, of infringing the 789 EP.  To advance its infringement claims and to potentially rebut defenses that Apple may raise, Nokia seeks discovery relevant to the Qualcomm chips that implement the accused functionalities.  Moreover, prior cases have recognized the receptiveness of UK courts to the use of discovery obtained through Section 1782.  *See, e.g., In re Bayer AG*, 146 F.3d 188, 194-96 (3d Cir. 1998.  Accordingly, this factor weighs in favor of granting Nokia's Application.

### 3.    No Foreign Discovery Restrictions Bar Nokia's Requested Discovery.

Nokia's Application satisfies the third *Intel* factor because the application is not an attempt to circumvent foreign proof-gathering restrictions.  *See Intel*, 542 U.S. at 260-63.  Courts have found that a district court should only refrain from granting Section 1782 discovery "upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782…."  *See In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996); *see also Heraeus Kulzer*, 633 F.3d at 597; *Euromepa S.A. v. R.*

*Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting discovery under Section 1782 and observing that a court "can simply refuse to consider any evidence that [1782 applicant] gathers by what might be—under French procedures—an unacceptable practice"); *In re Application of Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States"). Here, Nokia is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782. To the contrary, many courts, including this District, have granted Section 1782 applications seeking evidence for use in the UK tribunal at issue here. *See, e.g.*, *In re Bayer AG*, 146 F.3d at 194-96; Ruga Decl., Ex. 2. Accordingly, this factor also weighs in favor of granting Nokia's Application.

### 4.    Nokia's Discovery Is Narrowly Tailored to Avoid Undue Burden.

The final *Intel* factor provides that "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. Here, Nokia's proposed discovery requests are narrowly tailored to relevant technical information on specific chips and should not be found unduly burdensome to Qualcomm. Specifically, Nokia's proposed discovery targets discrete sets of technical documents relating to functionalities in the Qualcomm chips utilized in the Apple Devices that are relevant to the claims of the 789 EP. Further, to the extent that Qualcomm maintains confidentiality over the documents, Nokia is willing to agree to entry of a reasonable protective order. Accordingly, this factor should also weigh in favor of granting Nokia's Application.

### D.    Granting Nokia's Section 1782 Request Would Promote Efficient Discovery.

Finally, courts have also considered whether the proposed Section 1782 discovery accomplishes the goals of the statute, including "providing efficient means

of assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v. LBA Y.K*, 335 Fed. App'x. 95, 96 (2d Cir. 2009) (internal quotation omitted). Here, Section 1782 provides an effective means for obtaining the discovery sought by Nokia. *See United Co. Rusal, PLC v. Trafigura A.G.*, 2011 WL 1045532, *1 (D. Conn. Mar. 16, 2011) (granting movant's request for discovery under 28 U.S.C. § 1782 in order to prosecute pending claims in England, Russia, and St. Kitts/Nevis); *Application of Sarrio S.A. for Assistance Before Foreign Tribunals*, 173 F.R.D. 190, 192 (S.D. Tex. 1995) (granting subpoena under 28 U.S.C. § 1782 to produce documents and give testimony in support of pending proceedings in England and Spain). Accordingly, the *Intel* factors strongly favor the Court exercising its discretion to grant Nokia's application.

Indeed, Ninth Circuit courts, including this District, have routinely permitted discovery under Section 1782 when, as here, the applicant has satisfied the statutory requirements and the above factors weighed in favor of granting relief. *See e.g., In re Ex Parte Application of Nokia Corporation*, 13-CV-1152-WQH-(BLM), slip op. (S.D. Cal. June 24, 2013) and 13-cv-02970-BEN-WMC, slip op. (S.D. Cal. Jan. 21, 2014) (Ruga Decl., Exhs. 2-3); *In re Ecuador*, 2010 WL 3702427, at *2; *London*, 279 F. App'x at 513; *Chevron Corp. v. E-Tech Int'l*, 2010 WL 3584520, *1 (S.D. Cal. Sept. 10, 2010); *Govan Brown & Assocs. v. Doe*, 2010 WL 3076295, at *3 (N.D. Cal. Aug. 6, 2010). The Court should grant Nokia's Application.

## IV.    **CONCLUSION**

Nokia seeks narrowly tailored discovery for use in UK patent infringement proceedings. Because Nokia's request to seek discovery for use in UK litigation satisfies the three statutory requirements of 28 U.S.C. § 1782 and all four *Intel* factors weigh in favor of granting Nokia's application, Nokia respectfully requests an order authorizing the issuance of a subpoena in substantially the same form attached as

1    Exhibit A to this application.

2

3    DATED:  February 1, 2017        CASONDRA K. RUGA
                                     **ALSTON & BIRD LLP**

4

5                                    _/s/ Casondra K. Ruga_
                                     Attorneys for Applicant
6                                    **Nokia Technologies Oy**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM

EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| In re Ex Parte Application of Nokia Technologies Oy | ) |  |
| --- | --- | --- |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Qualcomm, Inc., 5775 Morehouse Drive, San Diego, CA 92121

To: _____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Alston & Bird LLP c/o Casondra K. Rua, 333 S. Hope St., 16th Floor, Los Angeles, CA 90071 or a mutually agreeable location | Date and Time: |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
| --- | --- | --- |
| | OR | /s/ Casondra K. Ruga |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Nokia Technologies Oy _____ , who issues or requests this subpoena, are:
Casondra K. Ruga, Esq., Alston & Bird LLP, 333 S. Hope St., Los Angeles, California 90071; (213) 576-1000, casondra.ruga@alston.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**ATTACHMENT A**

**Definitions and Instructions**

1. "Qualcomm" means Qualcomm Incorporated and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, including but not limited to Qualcomm Incorporated.

2. "Qualcomm Baseband Chips" means all Qualcomm chips, including but not limited to the Qualcomm MDM9635M, which contain a radio baseband processor and are compatible with any or all of Qualcomm Transceiver Chips.

3. "Qualcomm Transceiver Chips" means the Qualcomm transceiver chips with the die marking "HG11-NA815-200" including but not limited to the:

   a. WTR3925;

   b. WTR3905; and

   c. WTR3900.

4. "Qualcomm Chips" means the Qualcomm Baseband Chips and Qualcomm Transceiver Chips.

5. "Device" means a device incorporating one or more of the Qualcomm Transceiver Chips.

6. "VCO" means any voltage controlled oscillator on the Qualcomm Transceiver Chips whose output is used in modulation and/or demodulation when a Device is operating:

   a. according to the GSM standard in the GSM 900 or GSM 1800 frequency band ("in GSM Operation"); or

   b. according to the UMTS (WCDMA) standard in band 1 (2100 MHz) or UMTS (WCDMA) standard in band 8 (900 MHz) ("in UMTS Operation").

7. "VCO Transistors" means the transistors in the VCO.

8. "Oscillator Circuitry" means any circuitry on the Qualcomm Chips that affects the voltage(s) applied to and/or current(s) through the VCO Transistors (and each of them), including but not limited to biasing circuitry and circuitry for generating any power supply.

9. "VCO and Oscillator Circuitry Characteristics" means:

   a. any voltage(s) applied to the VCO or to part of the VCO, including but not limited to any biasing and/or supply voltage(s) applied to any transistor(s) of the VCO, or current(s) through any transistor(s) of the VCO;

   b. the power consumption of the VCO; and

   c. the phase noise characteristics of the output signal of the VCO including but not limited to the VCO output signal power spectrum and single side band phase noise power-to-carrier ratio.

10. "Circuitry Function Documentation" means:

    i. data sheets, manuals, handbooks, specifications, training materials, configuration guides, reference materials, FAQs, product feature documentation and marketing documentation; and

    ii. internal developer troubleshooting, development, testing and performance verification documentation.

11. "RF Parameter" means a parameter and/or metric relating to the quality of the radio channel in respect of which the VCO is operating, such as Signal to Noise Ratio, Bit Error Rate (BER), Block Error Rate (BLER), Received Signal Strength Indicator (RSSI), Signal to Interference Ratio (SIR), Received Signal Code Power (RCSP), Noise Factor and Error Vector Magnitude (EVM).

12. "Oscillator Circuitry Firmware" means software on any of the Qualcomm Chips.

13. "Firmware Documentation" means:

    i. data sheets, manuals, handbooks, README files, specifications, training materials, configuration guides, reference materials, FAQs, product feature documentation, installation instructions and marketing documentation; and

    ii. internal developer troubleshooting, development, testing and performance verification documentation.

2

Requests for Documents and Things

1. Please produce: (a) schematics of the VCO(s) and Oscillator Circuitry to the level of detail of the lowest level of components (e.g., transistors, capacitors, resistors, inductors) and their electrical connections; and (b) documents sufficient to identify (with reference to said schematics) the VCO(s) used when a Device is operating in GSM Operation and the VCO(s) used when a Device is operating in UMTS Operation.

2. Please produce documents (including but not limited to all relevant Circuitry Function Documentation) sufficient to show:

   a. the VCO and Oscillator Circuitry Characteristics and the relationships between them when a Device is operating in GSM Operation;

   b. the VCO and Oscillator Circuitry Characteristics and the relationships between them when a Device is operating in UMTS Operation; and

   c. any differences between the VCO and Oscillator Circuitry Characteristics when a Device is operating in GSM Operation and when a Device is operating in UMTS Operation.

3. Please produce documents (including but not limited to all relevant Circuitry Function Documentation) sufficient to show how the VCO and Oscillator Circuitry Characteristics vary with reference to any RF Parameter.

4. Please produce the source code for any elements of the Oscillator Circuitry Firmware that is relevant to each item below (a, b and c) individually whether the same or different code:

   a. control the VCO and Oscillator Circuitry Characteristics when a Device is operating in GSM Operation;

   b. control the VCO and Oscillator Circuitry Characteristics when a Device is operating in UMTS Operation; and

   c. give rise to a difference between the VCO and Oscillator Circuitry Characteristics when a Device is operating in GSM Operation and when a Device is operating in UMTS Operation.

5. Please produce the source code for any elements of the Oscillator Circuitry Firmware that:

   a. control the VCO and Oscillator Circuitry Characteristics with reference to any RF Parameter; and

   b. determine any RF Parameters.

6. Please produce documents (including but not limited to all relevant Firmware Documentation) sufficient to show the features, functions and architecture of the elements of Oscillator Circuitry Firmware identified in Requests 4 and 5.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#10005; I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

&#10005; I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).